UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN MUELLER, EXECUTRIX OF THE ESTATE OF HUBERT MUELLER, DECEASED,<br>　　　　Plaintiff, | : : : : : | |
| v. | : : | 3:10-cv-1093 (WWE) |
| TOWERS, PERRIN, FORSTER & CROSBY, INC. n/k/a TOWERS WATER PENNSYLVANIA INC. and TOWERS WATSON & CO.,<br>　　　　Defendants. | : : : : : | |

## MEMORANDUM OF DECISION ON PLAINTIFF'S
## MOTION TO REMAND AND MOTION TO STRIKE

Plaintiff Susan Mueller, executrix of the estate of decedent Hubert Mueller, commenced this action with the filing of a petition under Conn. Gen. Stat. § 45a-98 in Simsbury Probate Court on June 18, 2010. On July 14, defendants removed this action to this Court, asserting jurisdiction under 28 U.S.C. § 1332. Plaintiff has filed a motion to remand this action back to Probate Court (Doc. #21). In addition, plaintiff has filed a motion to strike the declaration of Marian C. Miller (Doc. #37).[1] For the reasons that follow, the Court will deny plaintiff's motions.

### BACKGROUND

For purposes of ruling on the motions, the Court accepts all factual allegations of plaintiff's petition filed in Probate Court as true, except as to the parties' respective

---

[1] Defendants have filed a motion to dismiss or, in the alternative, to transfer this action to United States District Court for the Eastern District of Pennsylvania (Doc. #13). The Court has informed the parties that it would first rule on the motion to remand before briefing for the motion to dismiss would be complete.

1

citizenship. The Court will also review the parties' factual assertions regarding their respective citizenship for diversity purposes.

Decedent Hubert Mueller was an employee of Towers, Perrin, Forster & Crosby, Inc. n/k/a Towers Watson Pennsylvania Inc. ("Towers Perrin" or "Towers Watson Pennsylvania") until his death. At the time of his death, Mueller resided in Connecticut and worked in Towers Perrin's Simsbury, Connecticut office. Mrs. Mueller was duly-appointed as executrix of the estate of Hubert Mueller by the Simsbury Probate Court. Plaintiff alleges that Towers Perrin is a Pennsylvania corporation with a principal place of business in Connecticut. She further alleges that defendant Towers Watson & Co. ("Towers Watson") has its headquarters in Pennsylvania.

During the course of his employment, Towers Perrin granted Mueller certain stock options and stock grants from time to time. This stock was subject to restrictions against alienation and inheritance until 2009 when the Towers Perrin Board of Directors voted to repeal and terminate the stock restrictions to facilitate its merger with Watson Wyatt Worldwide, Inc. Mueller died on November 18, 2009, after the Board had repealed the restrictions prohibiting inheritance.

On the day he died, Mueller owned 123.60 shares of Towers Perrin common stock. The repealed bylaws valued the stock at $450,151.20. The revocation of the bylaws coupled with the merger increased value of the stock to approximately $3 million.

On the day after Mueller's death, Towers Perrin declared a forfeiture of the common stock pursuant to the repealed bylaws. Mrs. Mueller was not informed of the repeal of the bylaws, the merger or the new fair market value of the common stock.

2

In their notice of removal, defendants claim that Towers Watson is a Delaware corporation with its principal place of business in New York and that Towers Watson Pennsylvania is a Pennsylvania corporation. Defendants deny that Towers Watson Pennsylvania has its principal place of business in Connecticut. Instead, they allege that, as of June 18, 2010, Towers Watson Pennsylvania's principal place of business is in either New York or Virginia.

Plaintiff asserts claims for breach of duty of loyalty against both defendants, oppression against both defendants, breach of duty of good faith and fair dealing against both defendants and breach of contract against Towers Perrin.

## DISCUSSION

### I. Motion to Strike

Plaintiff has filed a motion to strike the declaration of Marian C. Miller based on a lack of detail. A motion to strike under Federal Rule of Civil Procedure 12(f) seeks to remove "any redundant, immaterial, impertinent, or scandalous matter." A court may strike portions of a declaration that are not based on the declarant's personal knowledge, that contain inadmissible hearsay or that make generalized conclusory statements. Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999). A motion to strike should not be addressed to false or misleading testimony, 11 James W. Moore, Moore's Federal Practice, ¶ 56.14[4][a], at 56-239 (3d ed. 2010), or testimony that lacks in credibility. Lohrenz v. Donnelly, 223 F. Supp. 2d 25, 33 (D.D.C. 2002) ("A motion to strike is not an appropriate vehicle through which to contest the credibility of a witness or to draw further attention to the fact that one piece of evidence is contradicted

by another."). Here, plaintiff challenges the credibility of the declaration. Miller states that the declaration is made under the penalty of perjury and is based on her personal knowledge. As this is sufficient for the Court to accept the declaration, the Court will not strike it.

II.     **Motion to Remand**

A party may remove a case from state court to federal court only if the action is one over which the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). In order to demonstrate that removal is proper, the removing party bears the burden of showing the existence of federal jurisdiction. The rules regarding removal are to be strictly construed. In re Methyl Tertiary Butyl Ether Products Liability Litig., 342 F. Supp. 2d 147, 151 (S.D.N.Y. 2004). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

Diversity jurisdiction exists only where there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction may be established based on the record as whole, including supplemental affidavits, despite the fact that a complaint may not adequately state requisite facts to satisfy 28 U.S.C. § 1332. Canedy v. Liberty Mutual Insurance Co., 126 F.3d 100, 103 (2d Cir. 1997).

There is diversity between the parties when the parties are "citizens of a State

and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). A corporation is deemed to be a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the place:

> where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010).

Courts have recognized that a corporation's principal place of business need not be pleaded in the affirmative. Rather, diversity jurisdiction may be established by an assertion that a defendant's principal of business is not in the same state as plaintiff's citizenship. See Bodine Elec. Co. v. Viking Access Sys., LLC, 2009 U.S. Dist. LEXIS 87861, *1-2 & n.1 (N.D. Ill. Sept. 22, 2009); Commercial Union Ins. Co. v. Cannelton Indus., 154 F.R.D. 164, 170 (W.D. Mich. 1994); Steinbock-Sinclair v. Amoco International Oil Co., 401 F. Supp. 19, 26 (N.D. Ill. 1975) ("Plaintiff need not establish, nor is it necessary for the Court to decide, where the principal place of business of the defendant is actually situated. The jurisdictional issue in this lawsuit can be resolved by a determination whether or not the defendant has its principal place of business in Illinois."); see also 5 C. Wright & A. Miller, Federal Practice & Procedure 3d § 1208, at 133 (3d ed. 2004); but see Chemical Leaman Tank Lines v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999) (finding that pleading citizenship in the negative was

5

insufficient; permitting plaintiff to amend complaint to make necessary factual allegations).

To determine whether diversity jurisdiction is appropriate, the court looks to the operative facts as they existed on the day the complaint was filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004) ("It has long been the case that the jurisdiction of the Court depends upon the state of things at the time of the action brought.").

Defendants, having the burden of establishing subject matter jurisdiction, assert that as of June 18, 2010, Towers Watson Pennsylvania's principal place of business was New York.[2] They contend that "virtually all" of Towers Watson Pennsylvania's officers as well as its principal corporate functions were directed, controlled and coordinated from its offices in New York and Virginia. Specifically, the Chief Executive Officer and Chairman of the Board maintained offices in New York and Virginia; the Chief Operative Officer maintained an office in New York; and the Chief Financial Officer, Chief Information Officer, Chief Human Resources Officer and Treasurer all maintained their offices in Virginia. The Vice President, Secretary and General Counsel maintained offices in both New York and Virginia. According to the declaration of Miller,

---

[2] In her motion to strike, plaintiff argues that the information concerning defendants' business operations is imprecise and, because of this, lacks credibility. Defendants state that Towers Watson Pennsylvania underwent organizational changes between March 5, 2010 when its annual report was submitted and June 18 when this case commenced. Plaintiff does not present any evidence or any factual support for her argument that this was not the case. The relevant information was included in Miller's declaration which states that it was made based on personal knowledge under the penalty of perjury. Without actual evidence that the declaration is untrue or not based on personal knowledge, the Court will rely on it.

defendants' Managing Counsel, Risk and Litigation, the only officers and high-level executives with offices in Connecticut were the Chief Marketing Officer and the Managing Director of North America, who also maintained an office in New York.

Plaintiff relies on Towers Watson Pennsylvania's annual report which was submitted to the Connecticut Secretary of State on March 5, 2010. According to the report, two officers had their offices in Connecticut. This information is irrelevant because March 5 is not a relevant date in light of defendants' evidence showing the state of defendants' affairs as of the date this action was commenced in Probate Court. These two officers either were not in the same position on June 18 or had moved their offices before June 18.

Under Hertz, it is apparent that defendants' nerve center is not in Connecticut. The Court need not make a determination of whether defendants' principal place of business is in New York or Virginia; it concludes simply that the principal place of business is not in Connecticut. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

In light of this ruling, plaintiff shall file an opposition to defendants' motion to dismiss or, in the alternative, to transfer venue within twenty-one days of the filing of this ruling.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to strike (Doc. #37) and plaintiff's motion to remand (Doc. #21). Plaintiff shall have twenty-one days to file a response to defendants' motion to dismiss or, in the alternative, to transfer venue.

Dated at Bridgeport, Connecticut, this 25th day of October, 2010.

                                              /s/
                                      Warren W. Eginton
                                      Senior United States District Judge