UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN MUELLER, EXECUTRIX OF THE ESTATE OF HUBERT MUELLER, DECEASED, | : : : : | |
|     Plaintiff, | : : | |
| v. | : : | 3:10-cv-1093 (WWE) |
| TOWERS, PERRIN, FORSTER & CROSBY, INC. n/k/a TOWERS WATER PENNSYLVANIA INC. and TOWERS WATSON & CO., | : : : : : | |
|     Defendants. | : | |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Susan Mueller, executrix of the estate of Hubert Mueller, commenced this action with the filing of a petition under Conn. Gen. Stat. § 45a-98 in Simsbury Probate Court on June 18, 2010. On July 14, defendants removed this action to this Court, asserting jurisdiction under 28 U.S.C. § 1332. Now pending before the Court is defendants' motion to dismiss (Doc. #13) for improper venue and failure to state a claim. For the reasons that follow, the Court will grant defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(3). The Court will take no position on defendants' arguments regarding Rule 12(b)(6).

### BACKGROUND

For purposes of ruling on a motion to dismiss under Rule 12(b)(3), the Court accepts all allegations of the complaint as true and also reviews the parties' evidentiary submissions.

On October 25, 2010, the Court issued a memorandum of decision (Doc. #39)

1

on plaintiff's motion to remand. In that ruling, the Court stated the relevant facts included in plaintiff's Petition to Determine the Rights of the Estate filed in the Probate Court and will not repeat those facts here. The Court did not state the provisions of the bylaws relating to venue and will recount those here.

Article VI of the Towers Perrin's bylaws provided "if a former Shareholder is aggrieved by any action taken by the Corporation with regard to the repurchase of his stock, the former Shareholder may seek redress only in a federal or state court sitting in Philadelphia, Pennsylvania." In addition, Article 6.27 of the bylaws states, in pertinent part, that the "provisions of this Article VI shall be binding on the Corporation, all Shareholders of the Corporation and their respective successors, assigns, heirs, beneficiaries, estates, administrations, executors and legal representatives."

## DISCUSSION

Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss this action in its entirety for improper venue. In ruling on a motion under Rule 12(b)(3), the plaintiff bears the burden of showing that the venue is proper. Indymac Mortg. Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001) . If venue is improper, the court may dismiss or transfer the case to any district in which the action could have originally been brought. Johnsen, Fretty & Co. v. Lands S., LLC, 526 F. Supp. 2d 307, 310 (D. Conn. 2007). Determining whether a forum selection clause is enforceable requires a four-step analysis:

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted

2

> to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.... The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Phillips, 494 F.3d at 383-84.

A forum selection clause "made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason...[,] should be honored by the parties and enforced by the courts." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). So long as the plaintiff was not inappropriately induced into entering into the agreement, the forum selection clause will be enforced. Effron v. Sun Line Cruises. Inc., 67 F.3d 7, 9-10 (2d Cir. 1995); S & L Birchwood, LLC v. LFC Capital, Inc., 2010 U.S. Dist. LEXIS 109435 (E.D.N.Y. Oct. 13, 2010) (finding venue not proper where forum selection clause was mandatory and provided alternative forum).

Defendants have demonstrated that the forum selection clause is enforceable. First, they have shown that the provision was communicated to Mr. Mueller because he received copies of the bylaws in his capacity as a Towers Perrin principal. Second, the text of the provision, providing that the plaintiff may seek redress "only in a federal or state court sitting in Philadelphia, Pennsylvania," is mandatory rather than permissive. Third, the clause applies whenever a former shareholder, or his successor or executor, brings an action "with regard to the repurchase of his stock." Finally, plaintiff has made no showing rebutting the presumption of enforceability by showing that the provision is unreasonable or unjust.

Plaintiff mentions in passing that the forum selection clause itself only applies to claims by the former shareholder himself. This argument is contradicted by Article 6.27 applying the forum selection clause to the former shareholder's representatives.

Plaintiff's other contention is that the Court should conduct an analysis under 28 U.S.C. § 1404(a). This statute only becomes relevant if the Court were to transfer this case. See S & L Birchwood, 2010 U.S. Dist. LEXIS 109435 at *11. Defendants' motion asks that the Court dismiss the case, though defendants do in fact state that they would be agreeable to the Court transferring the case to the United States District Court for the Eastern District of Pennsylvania. If the Court were to consider transferring the case, it would necessitate a weighing of the relevant factors under section 1404 to determine if transfer is appropriate.

Under a section 1404 analysis, the court considers the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006). Although not an explicit factor, a forum selection clause is a "significant factor that figures centrally in a district court's determination of whether to transfer ... a case." Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp., 24 Fed. Appx. 16, 18 (2d Cir. 2000). The presence of a forum selection clause rebuts any claim that the party opposing transfer may have to claim that a transfer would be an inconvenience. BRM Indus. v. Mazak Corp., 42 F. Supp. 2d 176, 181 (D. Conn. 1999).

Plaintiff argues that this action should not be transferred because (1) the events underlying this action occurred in Connecticut; (2) Towers Perrin, at the time relevant to the case, had a substantial presence in the state of Connecticut; (3) Mr. Mueller worked out of Simsbury, Connecticut; (4) key witnesses are located in Connecticut; and (5) it would inconvenience Mrs. Mueller to transfer the case. Despite these factors, the presence of a forum selection clause mandates that the Court dismiss this action so that it may be brought in the appropriate court in Philadelphia. Put simply, plaintiff has not shown that pursuing this action in Pennsylvania would "be so gravely difficult and inconvenient that [s]he will for all practical purposes be deprived of [her] day in court." M/S Bremen, 407 U.S. at 18. Dismissal of this action for improper venue is therefore appropriate.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss (Doc. #13). The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 27th day of December, 2010.

                                          /s/
                                   Warren W. Eginton
                                   Senior United States District Judge